IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:20-CV-287-FDW-DCK

| | |
|---|---|
| PCT, LTD and PARADIGM CONVERGENCE TECHNOLOGIES CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> MARION E. PARIS, JR., CLAY PARKER SIPES, and ANNIHILARE MEDICAL SYSTEMS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) **ORDER** ) ) ) ) ) ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion To Withdraw Defendants' 12(b)(6) Motion To Dismiss, Apply Defendants' Pending 12(b)(1) Motion To The First Amended Complaint, And Extend Certain Deadlines" (Document No. 52) filed December 10, 2020. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, and noting the consent of the parties, the undersigned will <u>grant</u> the motion with modification.

Plaintiffs filed a "First Amended Complaint" (Document No. 53) on December 9, 2020. As a result, the parties now seek to extend certain deadlines and request that the Court deny one pending motion to dismiss (Document No. 43), but "apply" another pending motion to dismiss (Document No. 30) to the Amended Complaint (Document No. 53). <u>See</u> (Document No. 52). Under the circumstances, the Court will respectfully decline to apply a previous motion to dismiss to a new Complaint; however, Defendants may re-assert their arguments in a revised motion.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

**IT IS, THEREFORE, ORDERED** that the "Joint Motion To Withdraw Defendants' 12(b)(6) Motion To Dismiss, Apply Defendants' Pending 12(b)(1) Motion To The First Amended Complaint, And Extend Certain Deadlines" (Document No. 52) is **GRANTED with modification**.

**IT IS FURTHER ORDERED** that "Defendants' Motion To Dismiss Pursuant To Rule 12(b)(1) For Lack Of Standing" (Document No. 30) and "Defendants' Motion To Dismiss Counts Seven, Eight, And Fourteen Pursuant To Rule 12(b)(6) For Failure To State A Claim Upon Which Relief May Be Granted" (Document No. 43) are **DENIED AS MOOT**, **without prejudice** to Defendants' re-asserting their argument(s) in a revised motion to dismiss, if appropriate.

**IT IS FURTHER ORDERED** that Defendants shall file an Answer, or otherwise respond to Plaintiffs' "First Amended Complaint" (Document No. 53), on or before **January 6, 2021**.

**SO ORDERED**.

Signed: December 10, 2020

David C. Keesler
United States Magistrate Judge